# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2022-1505
LT Case No. 2020-12861-CODL

———————————————

FIRST ACCEPTANCE INSURANCE
COMPANY, INC.,

    Appellant,

    v.

BELLEVIEW IMAGING CENTER,
LLC a/a/o YVONNE NALES,

    Appellee.

———————————————

On appeal from the Circuit Court for Volusia County.
Angela A. Dempsey, Judge.

Michael K. Mittelmark and William J. McFarlane, III, of
McFarlane Law, McFarlane Dolan & Prince, Coral Springs, for
Appellant.

Chad A. Barr and Dalton Lee Gray, of Law Office of Chad A.
Barr, P.A., Altamonte Springs, for Appellee.

July 19, 2024

EDWARDS, C.J.

The issue in this case involves the amount of reimbursement
that an insurer providing Personal Injury Protection ("PIP")
benefits must pay when the health care provider submits a bill for

treating its insured which is less than the statutory schedule of maximum charges which the insurer utilized in its policy as its limit of PIP reimbursement. Summary judgments were entered in favor of the Appellee/health care provider, Belleview Imaging Center LLC, based upon an earlier case from this Court dealing with atypical policy language. The issue here has been settled by the Florida Supreme Court's opinion in *Allstate Insurance Co. v. Revival Chiropractic, LLC*, 385 So. 3d 107 (Fla. 2024). Based upon that decision, we reverse the summary judgment entered in favor of Appellee and remand for entry of summary judgment in favor of Appellant, First Acceptance Insurance Company, Inc.[1]

In this case Appellee treated a patient who had PIP insurance provided by Appellant. As is customary, the insured patient assigned her PIP benefits to Appellee, which then submitted charges for the treatment to Appellant. The PIP policy provisions utilized by First Acceptance adopted a statutory schedule of maximum charges as its own schedule of maximum charges for reimbursing health care providers treating its insured.

When Belleview Imaging submitted charges to Appellant for its insured patient seeking payment in an amount less than the insurer's maximum reimbursement rate, First Acceptance reimbursed Belleview Imaging at the statutory rate of eighty percent of the billed amount, as is consistent with section 627.736(1)(a), Florida Statutes (2017). Appellee sued, alleging that it was entitled to payment in full of its charges given that they were below the statutory maximum scheduled amount for services adopted by Appellant.

In *Revival Chiropractic* the supreme court held that Florida's statutory scheme for medical care provided through PIP called for reimbursement at the rate of eighty percent of the reasonable amount charged for necessary treatment limited by the statutory maximum benefit amount if the insurer had included that provision in its policy. The court held that the fact that a health

---

[1] The parties submitted competing motions for summary judgment in which they agreed that there were no issues of fact and that the issue was purely a legal question.

care provider submitted a request for reimbursement at an amount lower than the maximum reimbursement amount did not entitle the provider to payment in full up to the maximum amount. Rather, it would still receive eighty percent of the amount billed, up to the maximum amount. The supreme court's detailed analysis is set forth fully in *Revival Chiropractic* and need not be repeated here.

The supreme court noted that one of the cases relied upon by courts granting summary judgments in favor of health care providers seeking full reimbursement for charges below the maximum scheduled amount came from this Court: *Hands On Chiropractic PL v. GEICO General Insurance Co.*, 327 So. 3d 439 (Fla. 5th DCA 2021). Another came from the Fourth District and also involved a GEICO policy: *Geico Indemnity Co. v. Muransky Chiropractic P.A.*, 323 So. 3d 742 (Fla. 4th DCA 2021). The supreme court pointed out that the insurance policies involved in the just-cited cases contained provisions materially different from the provisions in the Allstate policy involved in *Revival Chiropractic*, 385 So. 3d at 112. The supreme court noted that *Hands On Chiropractic* and *Muransky* were decided without the benefit of its later-decided case, *MRI Associates of Tampa, Inc. v. State Farm Mutual Automobile Insurance Co.*, 334 So. 3d 577 (Fla. 2021). *Id.* Regarding those district court cases, the supreme court announced, "that they have been undermined to the extent that whatever they might have to say relevant to the issue in this case has been superseded by our analysis in *MRI Associates.*" *Id.* Thus, while controlling in their day, those two district court cases cannot support the summary judgment entered in favor of Belleview Imaging in this case, which we now reverse.

Accordingly, we reverse the summary judgment entered in favor of Belleview Imaging and remand for entry of summary judgment in favor of First Acceptance.

REVERSED and REMANDED.

WALLIS and SOUD, JJ., concur.

3

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————